UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 19-81106-CIV-ROSENBERG/REINHART

HENRY GRIGORIAN,

                Plaintiff,

v.

TIXE REALTY SERVICES, INC.,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S AMENDED MOTION TO DISMISS (DE 27)

In the First Amended Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act (TCPA) (47 U.S.C. § 227(b)(1)(A)(iii)), by sending two unsolicited text messages to his cellular phone, one on August 2, 2019, and one on August 4, 2019.. DE 21 at ¶¶ 53, 57.[1] That statute prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." Therefore, as relevant to the First Amended Complaint, the elements of a cause of action under Section 227(b)(1)(A)(iii) are (1) a call, (2) using an automated telephone dialing system, (3) to a telephone number assigned by a cellular telephone service.

---

[1] All paragraph citations (noted as "¶" or "¶¶") are references to the numbered paragraphs in the First Amended Complaint at DE 21.

1

Defendant moves to dismiss the First Amended Class Action Complaint on five grounds:

1. As applied here, the TCPA is unconstitutionally vague, in violation of the first amendment;
2. The text messages did not constitute "advertisements" or "telemarketing" under the TCPA;
3. Plaintiff gave consent;
4. The dialing system used to send the text messages did not meet the statutory definition of an "Automatic Telephone Dialing System;"
5. The putative class is vague and over-broad.

Defendant first alleges that the TCPA unconstitutionally limits its commercial speech. Two Courts of Appeals have held that the government-debt-collection exception to the TCPA is unconstitutional, but that the proper remedy is to sever that provision. *Duguid v. Facebook, Inc.,* 926 F.3d 1146 (9th Cir. 2019); *Am. Ass'n of Political Consultants, Inc. v. FCC,* 923 F.3d 159 (4th Cir. 2019). These same decisions have held that the TCPA (shorn of the government-debt-collection exception) does not violate the first amendment. *Id.* The undersigned agrees with the reasoning of these decisions and, for the reasons they discuss, finds that the TCPA is a valid content-neutral restriction that does not violate the first amendment, or alternatively, that any first amendment problem is remedied by severing the government-debt-collection provision.

Defendant next argues that the text messages in question did not constitute advertisements or telemarketing. The content of the call (i.e., whether it is an advertisement or solicitation) is not an element of a Section 227(b)(1)(A)(ii) cause of action. Therefore, at this

2

stage, it is irrelevant whether the text messages to Plaintiff were advertisements or telemarketing.[2]

Defendant next alleges that the Plaintiff consented to the text messages. Consent is an affirmative defense to a TCPA violation, which must be asserted and proven by the Defendant. *Murphy v. DCI Biologicals Orlando, LLC,* 797 F.3d 1302, 1304-05 (11th Cir. 2015); *see, e.g., Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (J. Scola). Because a 12(b)(6) motion tests the sufficiency of the allegations in the complaint, a court generally cannot consider affirmative defenses at this stage, unless the "affirmative defense appears on the face of the complaint." *Murphy,* 797 F.3d at 1305. Here, the First Amended Complaint does not contain facts that establish the affirmative defense of consent. To the contrary, the First Amended Complaint alleges, "At no point in time did Plaintiff provide Defendant with his express consent to be contacted by text messages using an ATDS." ¶ 20.

Defendant next argues that the dialing system in question did not meet the statutory definition of an "automatic telephone dialing system." The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The First Amended Complaint alleges that, to send text messages to Plaintiff, Defendant used a messaging platform that had the capacity to store telephone numbers, to generate sequential numbers, to dial numbers in sequential order, to dial numbers from a list of numbers, to dial numbers without human intervention, and to schedule the time and date for future transmissions of text messages, which occurs without any human involvement. ¶¶ 27-

---

[2] Whether the call involves telemarketing or solicitation may affect the manner in which consent can be given, *see Rotberg v. Jos. A. Bank Clothiers, Inc.,* 345 F. Supp. 3d 466, 477-78 (S.D.N.Y. 2018) (discussing FCC regulations), but is not relevant to whether a complaint states a plausible *prima facie* claim under Section 227(b)(1)(A).

33. Viewed in the light most favorable to Plaintiff, these factual allegations create a plausible claim that Defendant used an automatic telephone dialing system. *See Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 20112); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

Defendant's final argument is that the First Amended Complaint proposes a class that is vague and overbroad. Plaintiff proposes a class of "All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number." ¶ 41. For the reasons stated above, the First Amended Complaint sufficiently alleges that an automatic telephone dialing system was used to call Plaintiff's cell phone on two occasions, two days apart: August 2, 2019, and August 4, 2019. ¶ 17. It further alleges that the message was in the form of a "long code," which is a technique for sending text messages en masse. ¶ 24. The only other allegation that suggests that other class members exist is "on information and belief, Defendant sent the same text messages complained of by Plaintiff to other individuals within this judicial district." ¶ 19. This allegation is not entitled to the assumption of truth. *See Dairyland Animal Clinic, S.C. v. Amatheon, Inc*., No. 16-CV-21820, 2016 WL 11129919, at *2 (S.D. Fla. Sept. 30, 2016) (J. Williams) (declining to accept plaintiff's allegations based "on information and belief" in support of its TCPA claim). Nevertheless, the allegations in paragraphs 17 and 24 of the First Amended Complaint adequately plead, at a minimum, the existence of a class of persons who

received text messages from the Defendant on August 2 and August 4, 2019. Whether the Plaintiff can certify the entire putative class identified in paragraph 41 of the First Amended Complaint will be decided at the class certification stage.[3]

## RECOMMENDATION

**WHEREFORE**, it is **RECOMMENDED** that Defendant's Amended Motion to Dismiss the First Amended Complaint (DE 27) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE and SUBMITTED** in Chambers on November 18, 2019, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

---

[3] By separate order, the undersigned will address the appropriate scope of class-related discovery.