UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81106-ROSENBERG/REINHART

HENRY GRIGORIAN, *individually and
on behalf of all others similarly situated*,

        Plaintiff,

v.

TIXE REALTY SERVICES, INC., *doing
business as* EXIT REALTY PREMIER ELITE,

        Defendant.
        _____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING AMENDED MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Tixe Realty Services, Inc.'s Amended Motion to Dismiss the Amended Complaint. DE 27. The Court previously referred the Motion to the Honorable Bruce E. Reinhart for a Report and Recommendation. DE 29. On November 18, 2019, Judge Reinhart issued a Report and Recommendation in which he recommended that the Amended Motion to Dismiss be denied. DE 39.

Defendant has filed Objections to the Report and Recommendation. DE 49. Defendant first objects to the conclusion that the TCPA does not violate the First Amendment. Defendant has pointed to no case holding that the TCPA, without the government debt-collection exception, violates the First Amendment. *See* DE 27 at 3-5; DE 49 at 1-3. Meanwhile, Plaintiff's Response to the Amended Motion to Dismiss and the Report and Recommendation cite to a myriad of cases

holding that the TCPA is constitutional when the government debt-collection exception is severed. *See* DE 33 at 2-7; DE 39 at 2. The Court agrees with the holdings of those cases.[1]

Defendant objects that the TCPA prohibits only advertisements and telemarketing, which Defendant contends is not at issue in this case. To be sure, one provision of the TCPA applies only to unsolicited advertisements. *See* 47 U.S.C. § 227(b)(1)(C). Plaintiff has not, however, sued for a violation of that provision. Plaintiff instead contends that Defendant violated 47 U.S.C. § 227(b)(1)(A), a provision that is not restricted to advertisements or telemarketing. *See* DE 21 ¶¶ 10, 53, 57.

Defendant objects that Plaintiff has not pled that Defendant used an automatic telephone dialing system to send the text messages at issue. The Amended Complaint demonstrates otherwise. *See id.* ¶¶ 26-36.

Finally, Defendant maintains that the putative class described in the Amended Complaint should not be certified. As explained in the Report and Recommendation, this argument is more appropriately addressed at the class certification stage. DE 39 at 4-5.

The Court has conducted a *de novo* review of the Amended Motion to Dismiss, Plaintiff's Response thereto, the Report and Recommendation, Defendant's Objections thereto, and the record and is otherwise fully advised in the premises. The Court agrees with the analysis and conclusion in the Report and Recommendation and finds Judge Reinhart's recommendation to be well reasoned and correct.

---

[1] Further, Defendant's argument for unconstitutionality in its Objections—that the TCPA unconstitutionally restricts speech depending on how it is transmitted—was not an argument made in the Amended Motion to Dismiss, where Defendant argued that the TCPA unconstitutionally restricts commercial speech. *See* DE 27 at 4-5; DE 49 at 2. Defendant provides no authority to support this new argument, and the Court will not consider arguments that Defendant raises for the first time in its Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has the discretion to decline to consider new arguments raised in objections to a Magistrate Judge's report and recommendation). The Court also notes that Defendant asserts in headings in the Amended Motion to Dismiss and in its Objections that the TCPA is vague, but has provided no authority or legal analysis to develop this assertion, and therefore the Court does not address it. *See* DE 27 at 3-5; DE 49 at 1-3.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Magistrate Judge Reinhart's Report and Recommendation [DE 39] is **ADOPTED** as the Order of the Court.

2. Defendant's Objections to the Report and Recommendation [DE 49] are **OVERRULED**.

3. Defendant Tixe Realty Services, Inc.'s Amended Motion to Dismiss the Amended Complaint [DE 27] is **DENIED**.

4. Defendant shall file an Answer to the Amended Complaint [DE 21] by **December 20, 2019**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record